IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 27, 2015

**STATE OF TENNESSEE v. BOBBY RAY GRAVES, JR.**

**Appeal from the Circuit Court for Warren County
Nos. F-13761 and F-14140     Larry B. Stanley, Jr., Judge**

---

**No. M2015-00619-CCA-R3-CD – Filed October 30, 2015**

---

In 2013, the Defendant pleaded guilty in case number F-13761 to two counts of theft of property valued over $1,000, one count of theft of property valued between $500 and $1,000, and one count of simple possession of a controlled substance. The Defendant also pleaded guilty in case number F-14140 to one count of promoting the manufacture of methamphetamine. For these convictions, the trial court imposed a six-year sentence in case number F-13761 and a two-year consecutive sentence in case number F-14140, for a total effective sentence of eight years, to be served on supervised probation. In 2014, the trial court issued a probation violation warrant and, after a hearing, the trial court revoked the Defendant's probation and ordered the Defendant to serve his sentence in confinement. On appeal, the Defendant contends that there was insufficient evidence to warrant a revocation of his probation. After a thorough review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

John P. Partin, District Public Defender; and Ricky L. Stacy, Assistant District Public Defender, for the appellant, Bobby Ray Graves, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Lisa Zavogiannis, District Attorney General; and Thomas J. Miner, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts

This case arises from the Defendant's violations of his probation sentences. In 2013, the Defendant pleaded guilty in case number F-13761 to two counts of theft of property valued over $1,000, one count of theft of property valued between $500 and $1,000, and one count of simple possession of a controlled substance. The Defendant also pleaded guilty in case number F-14140 to one count of promoting the manufacturing of methamphetamine. For these convictions, the trial court imposed a six-year sentence in case number F-13761 and a consecutive two-year sentence in case number F-14140, both of which were to be served on probation.

On August 28, 2014, the trial court issued a probation violation warrant based upon the Defendant's failure to report and failure to inform his probation officer about his change of address. The warrant was amended on November 12, 2014, alleging that the Defendant had been arrested for being a felon in possession of a weapon and reckless endangerment. A hearing was held on March 11, 2015, and the parties presented the following evidence: Leslie Carter, a Tennessee Department of Correction and Parole probation officer, testified that she supervised the Defendant's probation sentences for case numbers F-13761 and F-14140. Ms. Carter testified that she initially met with the Defendant on June 9, 2014, and he was due to report to her again on June 23, 2014, and twice per month thereafter. Ms. Carter stated that the Defendant reported as instructed twice in July 2014, but failed to report on his first scheduled date in August, August the 11th. Ms. Carter attempted to locate the Defendant and called his phone, but it had been disconnected. Ms. Carter then attempted a "home check" at the residence where he reportedly lived. The occupants of the residence told Ms. Carter that the Defendant had never lived there but that "he was just there to help with the kids the last time that [she] went to verify the residence." Ms. Carter took out a warrant after she was unable to locate the Defendant.

Ms. Carter testified that the Defendant was arrested in Knox County. Officers were arresting another suspect when they found the Defendant in the suspect's home with a weapon. The charges stemming from that event were pending in Knox County at the time of the probation revocation hearing. Ms. Carter testified that the Defendant had also failed to appear for a court date in Warren County on a charge for introduction of contraband into the jail.

Certified copies of the judgments of the Defendant's five prior convictions, four aggravated robbery convictions and an attempted second degree murder conviction, were admitted into the record as evidence.

After hearing the evidence, the trial court made the following findings:

Based on the uncontroverted testimony of Ms. Carter, [the Defendant] did violate his probation. It was without question and he did not report as he was instructed. He absconded. He has a lengthy prior record involving dangerous felonies, and, . . . I don't know if you expect much else at this point if you leave and don't contact your probation officer and make sure they understand where you are and stay on good terms there, there is not much else that is going to happen except being revoked on probation.

[The Defendant] will be revoked in [case numbers F-13761 and F-14140.] [The Defendant] will be given credit for the time that [he] served previously. . . .

The trial court then revoked the Defendant's probation and placed his sentences into effect. It is from this judgment that the Defendant now appeals.

## II. Analysis

The Defendant contends that the trial court's revocation of his probation sentences was an abuse of discretion. Specifically, he contends that there was no evidence presented that he had established an address or that he had means of transportation to meet with his probation officer. The Defendant further argues that the trial court relied on the inadmissible hearsay testified to by Ms. Carter and that, "[w]ithout that evidence, the only remaining evidence against [the Defendant] was that he missed one appointment with his probation officer and failed to report a change of residence . . . ." The State responds that the trial court properly revoked the Defendant's probation. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2010); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In the present case, the trial court concluded that the Defendant had violated the condition of probation that states, "I will report to my probation officer as instructed . . . ." The evidence presented at the revocation hearing supports the trial court's conclusion.

We conclude that the record supports the trial court's determination that the Defendant had violated a condition of his probation sentences. Ms. Carter, the Defendant's probation officer, testified that the Defendant did not report to their meeting in August 2014, and then, when Ms. Carter attempted to locate the Defendant at the address listed by him as his residence, she was told by the occupants that the Defendant did not live there.

The Defendant specifically asserts that Ms. Carter's testimony contained inadmissible hearsay about his arrest in Knox County. Without that evidence, he contends that there is nothing to support his other violations because there is no evidence that he "was anything other than homeless" or had a change of address to report. We disagree. In her attempt to locate the Defendant, Ms. Carter testified that she visited the residence where she had previously met the Defendant when verifying his address. The Defendant was not living at that address, according to persons who did live there. The Defendant's contention now that he never actually lived at that address, or that he later became homeless, is of no consequence to the fact that he did not report to Ms. Carter on August 11, 2014, as scheduled.

The Defendant rightfully objected to the introduction of hearsay evidence pertaining to the circumstances of his arrest in Knox County. On appeal, he asserts that the trial court relied on this inadmissible hearsay in revoking his probation. We respectfully disagree. The record reflects that the trial judge revoked the Defendant's probation because the Defendant failed to report to his probation officer. This failure by the Defendant is clearly reason enough to support the trial court's revocation of the Defendant's probation.

The Defendant further contends that there was no evidence that his failure to report in August 2014 was willful or that he had the transportation to get to the appointment. We note

4

that while our supreme court has held that revocation of probation based upon a defendant's failure to pay fines requires that the failure to pay was willful, *State v. Dye*, 715 S.W.2d 36, 41 (Tenn. 1986), this court has found that the trial court need not make findings regarding a defendant's willfulness in regard to the failure to adhere to the other terms of his probation. *State v. Rudolph Miller Brooks, Jr.*, No. E2006-02070-CCA-R3-CD, 2007 WL 3353418, at *3 (Tenn. Crim. App., at Knoxville, Nov. 13, 2007) (citing *State v. Derrick Crawley*, No. M2006-01895-CCA-R3-CD (Tenn. Crim. App., at Nashville, July 5, 2007); *State v. Julia Mosley*, No. E2004-01787-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Apr. 8, 2005).

Given the Defendant's prior criminal record and his lack of compliance with the rules of probation in these two cases, we conclude that the Defendant has not shown that the trial court abused its discretion in determining that he was not a suitable candidate to continue serving his sentence of probation. Accordingly, the trial court did not abuse its discretion when it revoked the Defendant's probation and ordered the Defendant to serve his sentences in confinement. The Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

5